# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-18-TLS |
| | ) | RELATED CAUSE NO.: 1:11-CV-28-TLS |
| STEVEN J. HECKE | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Steven J. Hecke's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [ECF No. 84], filed on January 14, 2011. The Government filed a Response [ECF No. 88] on January 28, 2011, addressing only the waiver provision of the Plea Agreement. On February 7, 2011, the Defendant filed a Reply [ECF No. 89]. On March 12, 2013, the Court entered an Order [ECF No. 100] discussing the Defendant's ineffective assistance of counsel and involuntariness claims that arguably related to the negotiation of the plea itself. Finding that additional briefing was appropriate, the Court directed the Government to file any response to the merits of the Defendant's Motion to Vacate by April 26, 2013, and afforded the Defendant until May 28, 2013, to submit any reply. The Government filed a Second Response [ECF No. 101] on April 25, and the Defendant filed a Second Reply [ECF No. 102] on May 10. On August 7, the Defendant filed a Letter [ECF No. 106] requesting a status update on his case and a Motion for Consideration of Newly Promulgated Law [ECF No. 107].

## BACKGROUND

On February 22, 2007, the Government filed a Complaint [ECF No. 1] against theDefendant, Steven J. Hecke. The Government filed an Indictment [ECF No. 13] on February

28, 2007, and arraigned the Defendant on March 2. The Indictment charged the Defendant with two counts of distribution of less than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2); possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and knowingly possessing firearms in furtherance of the possession with intent to distribute alleged in Count 3, in violation of 18 U.S.C. § 924(c) (Count 4). The Indictment also included a forfeiture allegation concerning the five firearms listed in Count 4.

The Defendant filed a Motion to Suppress [ECF No. 31] on July 26, 2007. The Court denied the Motion to Suppress in an Order and Opinion [ECF No. 46] dated December 10, 2007. Then on April 29, 2008, the Government filed into the record a Plea Agreement [ECF No. 53] signed by the Defendant and his retained attorneys, Richard Kammen and Steven Gray, along with counsel for the Government. In his Plea Agreement, the Defendant agreed to plead guilty to Counts 3 and 4 of the Indictment in exchange for dismissal of Counts 1 and 2, and the Government agreed to recommend a sentence equal to the minimum of the Guidelines range.

In paragraph 7h, the Defendant reserved his right to appeal as follows:

Although I am waiving all the rights set forth in paragraph 7d, I am specifically preserving my right to appeal to the Seventh Circuit Court of Appeals the issues decided by this court in its Order and Opinion signed and filed on December 10, 2007 regarding the motion to suppress I filed on July 26, 2007.

(Plea Agreement ¶ 7h, ECF No. 53.)

Moreover, in the Plea Agreement, the Defendant stated that he understood the rights he was waiving by pleading guilty. He confirmed his understanding that the Court, using the applicable United States Sentencing Guidelines, would determine an appropriate sentence. The Plea Agreement set forth the possible penalties for the two Counts. The Defendant stated his

belief that his attorneys had "done all that anyone could do to counsel and assist" him. (*Id.* ¶ 10.) He declared that he was offering his "plea of guilty freely and voluntarily and of [his] own accord," that "no promises ha[d] been made to [him] other than those contained in" the Plea Agreement, and that he had not been "threatened in any way by anyone to cause [him] to plead guilty in accordance with" the Plea Agreement. (*Id.* ¶ 11.) With respect to his appellate rights, the Defendant stated:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(*Id.* ¶ 7g.)

At the May 28, 2008, change of plea hearing, the Defendant appeared in person, represented by attorney Kammen. The Defendant pled guilty to Counts 3 and 4 of the Indictment in accordance with his Plea Agreement. The Defendant took an oath and the Court confirmed that the Defendant was fully competent and capable of entering an informed plea, that the Defendant was aware of the charges against him and the consequences of his plea, and that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The Defendant stated that he was satisfied with attorney Kammen's representation and advice, that he had an opportunity to read

and discuss his Plea Agreement with his lawyer before signing it, that he understood its terms and there was nothing in the Plea Agreement he did not understand, that he had not been threatened or coerced in any way to sign the Plea Agreement, that no one had made any promises or assurances of any kind to get him to plead guilty, and that he understood the Government would be recommending he receive a sentence equal to the minimum of the applicable Guidelines range. He also acknowledged that the Court could reject the Government's recommendation without letting him withdraw his plea. The Defendant stated his understanding that the Court could impose a sentence more severe than he might anticipate. The Court discussed the binding term of the Plea Agreement, namely the dismissal of Counts 1 and 2, and the Defendant stated his understanding that if the Court accepted the Plea Agreement, the binding term would be part of his judgment. He stated that he understood he was agreeing to waive his right to appeal his conviction or sentence and the manner in which they were imposed—except that he was preserving his right to appeal the Court's Order and Opinion denying his Motion to Suppress, that he understood he would be prohibited from collaterally attacking his conviction or sentence or the manner in which they were imposed through a habeas corpus petition, and that he was giving up his right to claim the ineffective assistance of legal counsel unless the claimed ineffectiveness related directly to the appellate waiver or its negotiation.

Concerning Counts 3 and 4, the Court read the Defendant the charges as stated in the Indictment. Specifically, the Court read the Indictment's Count 4 allegation that the Defendant "did knowingly possess firearms . . . in furtherance of a drug trafficking crime." (Plea Hr'g Tr. 27:20–28:3–4, ECF No. 105.) The Defendant stated his understanding that these were the counts

to which he was pleading guilty. The Court then stated the elements of the offenses. In stating

the elements of Count 4, the Court stated as follows:

> As to Count Four, there are two elements – first, you committed the crime of possession with the intent to distribute cocaine as charged in Count Three; and second, you knowingly used or carried a firearm during and in relation to that crime.

(*Id.* 29:4–8.) The Defendant stated his understanding that these were the elements of the two

charges to which he was pleading guilty. He also stated that he committed the charges as stated

in the Indictment. In his own words, the Defendant stated: "Well, basically, I possessed, I believe

it was like a thousand, twelve hundred grams of cocaine, and I possessed firearms in furtherance

of the crime." (*Id.* 29:18–20.) The Defendant confirmed that he possessed all of the firearms

listed in Count 4, and that his intention was to distribute the cocaine he possessed, meaning to

"sell it and make a profit off it." (*Id.* 30:24.) In response to the Court's question, the Defendant

stated that he possessed the firearms "to protect [him]self." (*Id.* 31:2.)

Assistant United States Attorney Robert Trgovich, for the Government, summarized the

evidence at the change of plea hearing. He listed the amounts of cocaine found in different

locations within the Defendant's house pursuant to the search warrant, and described the five

firearms found in the house. He noted that "the pistol was found in the living room area where

drug transactions had occurred in the past." (*Id.* 33:19–20.) The Defendant stated that he heard

all that attorney Trgovich had to say about the Government's evidence against him, and that he

agreed with the Government's summary in its entirety. The Court then accepted the Defendant's

guilty plea on both Counts 3 and 4. The parties filed an Amended Plea Agreement [ECF No. 59]

on May 28, 2008, adding language formalizing the parties' agreement that the Government

would recommend that the Defendant receive the minimum term of supervised release for

Counts 3 and 4.

On August 11, 2008, the Court sentenced the Defendant to 60 months imprisonment on Count 3 and 60 months imprisonment on Count 4 to run consecutively with Count 3. The Court applied a two-level reduction in the offense level for acceptance of responsibility, and granted the Government's motion for an additional one-level reduction under U.S.S.G. § 3E1.1(b). The Court entered a Judgment [ECF No. 63] on August 13, 2008, and an Amended Judgment [ECF No. 64] on August 14.

The Defendant filed a Notice of Appeal [ECF No. 65] on August 18, 2008. In an unpublished opinion, the Seventh Circuit discussed the Defendant's appeal and the *Anders* brief filed by court-appointed attorney Gabriel Benjamin Galloway, considering whether attorney Galloway could present a nonfrivolous challenge to the denial of the Motion to Suppress. In spite of the arguments raised by the Defendant in response to attorney Galloway's *Anders* brief, the Seventh Circuit determined that the arguments raised "would be frivolous." *United States v. Hecke*, 329 F. App'x 676, 677 (7th Cir. 2009). The Seventh Circuit denied the Defendant's request for a panel rehearing or a rehearing en banc on September 11, 2009. (Gov't 2d Resp. 2, ECF No. 101.) The United States Supreme Court denied *certiorari* on January 19, 2010. *Hecke v. United States*, 558 U.S. 1158 (2010).

The Defendant now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis of an involuntarily and unknowingly entered guilty plea and ineffective assistance of counsel. The Government, in its Response [ECF No. 88], argues that the Defendant's claims provide no basis for collateral relief because they have been waived. The Defendant, in his Reply [ECF No. 89], argues that the waiver provision of his Plea Agreement

6

does not bar his claims that he unknowingly and involuntarily pled guilty to Count 4, and that his attorneys provided ineffective assistance relating to the negotiation of the plea.

In the Government's Second Response [ECF No. 101], it now argues that no amendment to Count 4 occurred at the change of plea hearing, and that the Defendant knowingly and voluntarily pled guilty to Count 4. The Government also argues that the Defendant has failed to show ineffective assistance of counsel at trial or on appeal. In his Second Reply [ECF No. 102], the Defendant argues that where no party understands the essential elements of an offense at the time of pleading guilty, a defendant's understanding of his guilty plea is suspect. The Defendant also maintains his ineffective assistance of counsel claims.

For the reasons articulated below, the Court agrees with the Government that the Defendant's claims do not entitle him to collateral relief.

## ANALYSIS

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This limits relief to "'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (quoting *Carreon v. United States*, 578 F.2d 176, 179 (7th Cir. 1978) (additional quotation marks omitted)). Relief under a motion to vacate a conviction or correct a sentence is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), and § 2255 relief is "an extraordinary remedy to one who already has had an opportunity for full process," *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) (citing *Prewitt*, 83 F.3d at 816).

The Defendant contends that he is entitled to habeas relief on three grounds. In ground one, he asserts that, by improperly advising him of an element of his § 924(c) offense, the Court allowed him to plead guilty to Count 4 unknowingly and involuntarily.[1] In ground two, he maintains that attorney Kammen was ineffective because he did not object to the Court's statement of the elements of the Count 4 § 924(c) offense. In ground three, the Defendant argues that attorney Galloway was ineffective on appeal because he did not raise the issue concerning the Court's misadvising on the elements of the § 924(c) offense, and instead filed an *Anders* brief.

The Government contends that the Defendant waived his right to bring any of these claims. The Government asserts, in the alternative, that the plea colloquy as a whole sufficiently apprised the Defendant of the nature of the § 924(c) offense so that his plea was knowing and voluntary. The Government also argues that, in light of Seventh Circuit precedent, counsel was not ineffective at trial or on appeal in declining to raise the Defendant's current § 924(c) argument. The Defendant insists that he was prejudiced by his attorney's failure to raise this argument because he would have insisted on going to trial on Count 4, and because this argument would have been likely to succeed on appeal.

### A.     Legal Standard

### 1.     *Plea Waivers*

A plea agreement is a type of contract subject to contract law principles tempered by

---

[1]As part of ground one, the Court will consider the Defendant's related arguments that he is factually innocent, that he lacked the mens rea to be found guilty of the § 924(c) violation, that the Court improperly amended the Indictment without submission to a grand jury, and that the Court violated Federal Rule of Criminal Procedure 11 by accepting his plea of guilty.

limits that the Constitution places on the criminal process. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Waivers, including those that waive the right to collaterally attack a conviction or sentence, are enforceable as a general rule. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones*, 167 F.3d at 1144). Courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008). The Seventh Circuit has "generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court 'relied on a constitutionally impermissible factor (such as race),' the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Keller*, 657 F.3d at 681 (quoting *Jones*, 167 F.3d at 1144–45).

2.      *Ineffective Assistance of Counsel Claims*

Claims of ineffective assistance of counsel are controlled by the two-pronged test set forth in *Strickland v. Washington*, 46 U.S. 668 (1984). To establish and succeed on an ineffective assistance of counsel claim, a defendant  must demonstrate that the specific acts or omissions of his attorney "fell below an objective standard of reasonableness" and that these acts or omissions were "outside the wide range of professionally competent assistance." *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688, 690); *see also Hardamon v.*

*United States*, 319 F.3d 943, 948 (7th Cir. 2003); *Anderson v. Sternes*, 243 F.3d 1049, 1057 (7th Cir. 2001). The *Strickland* test also requires that a defendant show prejudice, which is demonstrated by a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "To demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000) (citing *United States v. Martinez*, 169 F.3d 1049, 1052–53 (7th Cir. 1999)).  If the Court finds either the performance or the prejudice component of the ineffective assistance claim deficient under the *Strickland* test, then there is no need to consider the sufficiency of the other component. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). The court "presume[s] that the lawyer is competent to provide the guiding hand that the defendant needs, [and so] the burden rests on the accused to demonstrate a constitutional violation." *United States v. Cronic*, 466 U.S. 648, 658 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 100–101 (1955)).

"Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).


**B.**     **The Defendant's Grounds for Habeas Relief**

**1.**     ***The Defendant's Plea of Guilty to Count 4 Was Knowing and Voluntary.***

The essence of the Defendant's § 2255 Motion relates to a statement by the Court at his change of plea hearing. After reading the Defendant the charges in Counts 3 and 4 of the

Indictment, including the Count 4 allegation that the Defendant knowingly possessed firearms in furtherance of a drug trafficking crime, the Court then stated that one of the elements of Count 4 was that the Defendant "knowingly used or carried a firearm during and in relation to" his Count 3 drug trafficking offense. (Change of Plea Hr'g Tr. 29:7.) This was a misstatement. The Court should have stated that the second element was the Defendant's knowing possession of firearms in furtherance of a drug trafficking crime, as alleged in the Indictment. Neither the Defendant nor attorney Kammen raised any objection to the Court's statement.

From this error, the Defendant suggests a host of violations. He notes that some courts have interpreted 18 U.S.C. § 924(c) as creating two distinct offenses, *see United States v. Combs*, 369 F.3d 925, 936 (6th Cir. 2004), and therefore argues that the Court improperly amended the Indictment without presenting it to a grand jury and thus lacked jurisdiction to find him guilty of the Count 4 offense. He construes this as a violation of Federal Rule of Criminal Procedure 11, and also asserts that he was factually innocent of the charge as amended because he lacked the mens rea to commit the rephrased infraction. Finally, and most pertinently, he argues that his plea of guilty to Count 4 was not knowing and voluntary due to the Court's misstatement of the second element.

The Court notes as an initial matter that the Defendant has waived most of these arguments. By signing his plea waiver, he waived the right to contest his conviction or the manner in which his conviction was determined, "including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to" the waiver or its negotiation. (Plea Agreement ¶ 7g.) Such waivers are generally enforceable. *Jones*, 167 F.3d at 1145. However, waivers are not enforceable where "the plea agreement was involuntary, the

district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement." *Keller*, 657 F.3d at 681 (quotation marks and brackets omitted). The Defendant's argument that the Court improperly amended the Indictment does not, by itself, suggest that the plea agreement was involuntary, and does not raise an ineffective assistance of counsel claim. Nor does such an argument suggest that the Court relied on a constitutionally impermissible factor or that the sentence exceeded the statutory maximum. Similarly, the Defendant's arguments about violation of Federal Rule of Criminal Procedure 11, factual innocence, and mens rea do not raise claims still available to the Defendant. Accordingly, the Court finds that these arguments are waived, although the Court will address the substance of all of these arguments in its discussion of voluntariness.

The Defendant argues that the Court's misstatement of the second element of the Count 4 § 924(c) charge rendered his plea of guilty to Count 4 unknowing and involuntary. The Government argues, first, that the Defendant has waived this argument as well. The Court disagrees with the Government on that point because "where a waiver is not the product of the defendant's free will . . . the defendant cannot be said to have knowingly and voluntarily relinquished his rights." *Jones*, 167 F.3d at 1145. The Government argues, in the alternative, that the totality of the plea colloquy put the Defendant on notice of the crime to which he was pleading guilty, and that his plea to Count 4 was thus knowing and voluntary in spite of the single misstatement. After a review of the plea colloquy, the Court agrees.

A reviewing court employs "a totality of the circumstances approach" in order "[t]o determine whether the defendant fully understood the nature of the charge to which he admitted

guilt." *United States v. Bradley*, 381 F.3d 641, 645 (7th Cir. 2004) (citing *United States v. Fernandez*, 205 F.3d 1020, 1025 (7th Cir. 2000)). Factors to consider include "the complexity of the charge, the evidence proffered by the Government, the judge's inquiry during the plea hearing and the defendant's statement." *Bradley*, 381 F.3d at 645; *see also Fernandez*, 205 F.3d at 1025 (noting that reviewing courts also consider "the defendant's level of intelligence, age, and education . . . [and] whether the defendant was represented by counsel").

In *United States v. Harvey*, 484 F.3d 453 (7th Cir. 2007), the Seventh Circuit examined an appeal from a conviction for violating § 924(c). Although the defendant pled guilty to the violation at the district court level, he argued on appeal that  § 924(c) creates two distinct offenses, one mak[ing] it illegal to *use or carry* a firearm *during and in relation to* a crime of violence or drug trafficking crime; and the other mak[ing] it a crime to *possess* a firearm *in furtherance of* any such crime." *Id.* at 455. The indictment charged the defendant with "knowingly and intentionally carrying a firearm in furtherance of a drug trafficking crime," *id.* at 455–56 (brackets and ellipsis omitted), and the defendant therefore argued that it created "an impermissible hybrid § 924(c) offense," *id.* at 455. On appeal, he asked the Seventh Circuit to either dismiss the indictment or allow him to withdraw his guilty plea. Because he did not ask to withdraw from his guilty plea at trial, the Seventh Circuit reviewed for plain error. *Id.* In reviewing the defendant's § 924(c) argument, the court stated as follows:

> [The indictment] included enough information to notify [the defendant] of the statute under which he is being charged and the specific way in which he allegedly violated that law. Whether we construe § 924(c) as creating one offense or two, it remains true that the separate parts of § 924(c) criminalize similar behavior. See *United States v. Castillo*, 406 F.3d 806, 814 (7th Cir. 2005) ("Quite simply, the portion of § 924(c) upon which we focus was intended to 'combat the dangerous combination of drugs and guns.' ") (quoting *Muscarello v. United States*, 524 U.S. 125, 132 (1998)). The language used in the indictment here alerts [the defendant] that he is

13

being charged with what the statute as a whole aims to prevent: carrying a firearm that is closely connected to an underlying drug offense.

*Id.* at 456 (additional citations omitted). Moreover, the court found that "the phrases used in the two parts of the statute are close enough in meaning that [the defendant] knew the essence of the charges he was facing." *Id.* at 457 (citing *United States v. Weatherspoon*, 581 F.2d 595, 600 (7th Cir. 1978)). Finally, the court found that, "[t]aken as a whole, the depth and clarity of the plea colloquy demonstrate convincingly that [the defendant] knew exactly what he was doing and its consequences." *Harvey*, 484 F.3d at 457 (citing *United States v. LeDonne*, 21 F.3d 1418, 1424 (7th Cir. 1994)). Because "[o]nly a pointlessly hypertechnical reading of the indictment . . . would support [the defendant's] claim that it was inadequate," under the plain error standard, the Seventh Circuit rejected the defendant's claim that the indictment failed to charge a § 924(c) offense, and denied his request to withdraw his guilty plea on the basis that it was not knowingly or voluntarily entered. *Harvey*, 484 F.3d at 458.

The Seventh Circuit has not decided whether "§ 924(c) criminalizes two separate and distinct offenses," *United States v. Haynes*, 582 F.3d 686, 703 (7th Cir. 2009), vacated on other grounds by *United States v. Vizcarra*, 668 F.3d 516, 521–22 (7th Cir. 2012)). Nevertheless, the Court finds that the *Harvey* court's analysis forecloses the Defendant's ground one claim that he unknowingly and involuntarily pled guilty to Count 4.

Under the totality of the circumstances test, the Court finds that the Defendant understood the nature of Count 4 when he pled guilty to it. *See Bradley*, 381 F.3d at 645. The charge of possession of firearms in furtherance of a drug trafficking crime was not complex; the drug trafficking crime it referenced was the Count 3 possession charge to which the Defendant was also pleading guilty. The Government proffered evidence substantiating the Count 4 charge,

and the Defendant agreed to the evidence as stated by the Government. The Defendant himself stated that he possessed firearms in furtherance of a drug trafficking crime, admitting to the charge exactly as stated in the Indictment. Finally, as in *Harvey*, "the depth and clarity of the plea colloquy demonstrate convincingly that [the Defendant] knew exactly what he was doing and its consequences." *Harvey*, 484 F.3d at 457. Although the Court in one instance misstated one element of Count 4, the Court read the Indictment to the Defendant, and the Defendant agreed that he was pleading guilty to Count 4 as stated. Moreover, the Court confirmed that the Defendant possessed all the firearms listed in Count 4, and elicited the Defendant's statement that he possessed them for protection. Combined with the Government's statement that the pistol was found in a room where drug transactions had occurred, this was sufficient to substantiate the Defendant's knowing plea to Count 4. *See United States v. Mitten*, 592 F.3d 767, 777 (7th Cir. 2010) (recognizing that "a possessed gun can forward a drug-trafficking offense by providing the dealer, his stash or his territory with protection" (quotation marks and citations omitted)). The plea colloquy also demonstrates that the Defendant entered his guilty plea voluntarily, and that no one coerced him in any way to enter his plea. The totality of the circumstances demonstrate that the Defendant knowingly and voluntarily entered his plea of guilty to knowingly possessing firearms in furtherance of a drug trafficking offense. Additionally, as in *Harvey*, the Defendant failed to object "at a time when the government easily could have corrected the problem." *Harvey*, 484 F.3d at 458. The Defendant raises an argument from *Bradley*, where the Seventh Circuit stated that "[w]hen there is no evidence that the requisite elements of the charged offense were comprehended by any party to the proceeding, confidence in the defendant's understanding of that charge certainly is undermined." 381 F.3d at 646–47. This is not such a case. Although

the Court misstated one element of the Count 4 charge in one instance, in reality the Court, the Government attorney, attorney Kammen, and the Defendant all understood that the second element to the § 924(c) offense was that the Defendant knowingly possessed firearms in furtherance of a drug trafficking crime. All parties knew that was the requisite element, and the Defendant pled guilty to that element. *Bradley* does not undermine the Court's confidence in the Defendant's understanding of the Count 4 charge to which he pled guilty.

The Defendant argues that the Court improperly amended the Indictment by misstating one element of Count 4. But the plea colloquy shows that the Defendant pled guilty to the charge exactly as stated in the Indictment, and that substantial Government evidence supported his plea. The Defendant has failed to show that one inadvertent statement by the Court had the effect of amending the Indictment, particularly where the Defendant knowingly pled guilty to the charge exactly as stated in the Indictment. The Defendant argues that he is factually innocent of the Count 4 charge because the evidence elicited at the plea colloquy showed mere possession of firearms instead of possession in furtherance of a drug trafficking offense. On this point the Defendant is again mistaken. As outlined above, the Defendant specifically stated that he possessed firearms for protection, and this is sufficient to substantiate a § 924(c) conviction. *See Mitten*, 592 F.3d at 777. The Defendant also argues that he lacked the mens rea to be convicted of the offense as amended, but this argument fails for the reasons stated above—his statements at the plea colloquy show that he had exactly the mens rea required by the Indictment. Notably, when asked to state in his own words what he did in connection with the charges, the Defendant stated "I possessed firearms in furtherance of the crime." (Plea Hr'g Tr. 29:20.) The Defendant notes that he objected to some of the firearms because they were antiques and because he did not

16

have bullets for one of them. But the Defendant agreed that he kept a pistol in a room where drug transactions occurred, and that he possessed the pistol for protection. This was sufficient to substantiate his plea of guilty to Count 4. Finally, to the extent the Defendant argues the Court violated Rule of Criminal Procedure 11 by accepting an unknowing and involuntary plea, for all the reasons discussed above, he is incorrect.

Because the Defendant did not object to the Court's statement of the elements in Count 4 or ask to withdraw his guilty plea while he was before the district court, the Court reviews for plain error. *United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *Harvey*, 484 F.3d at 455. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea. A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (quoting *Strickland*, 466 U.S. at 694).

The Defendant does argue that, if not for the Court's error, he would have gone forward to trial instead of pleading guilty to Count 4. But the Court finds that there is no reasonable probability that the Defendant would have actually gone forward to trial. The Defendant appears to assume that if the Court had properly stated the second element of Count 4 as his knowing possession of firearms in furtherance of a drug trafficking crime, he would then have demanded to go to trial on Count 4, and Count 4 alone, with no other negative consequences. First, the Defendant misunderstands the Plea Agreement. If he had violated his continuing obligation to accept responsibility, he would have lost his three-level reduction in offense level under the

Sentencing Guidelines. Second, as articulated above, the Defendant pled guilty to the charge as stated in Count 4 of the Indictment, so it is not reasonably probable that he would have demanded to go to trial if the second element of Count 4 had been stated exactly as alleged in the Indictment. For these reasons, because the Defendant has failed to show that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding, his plain error arguments fail.

Accordingly, the Court will deny the Defendant's ground one claim that his plea of guilty to Count 4 was unknowing and involuntary, and, although he waived the right to bring his amendment, factual innocence, mens rea, and Rule 11 arguments, the Court finds that they would be denied on their merits if not waived. Moreover, the Court will deny the Defendant's ground one claim of plain error.

**2.**     ***The Defendant's Claim of Ineffective Assistance of Trial Counsel Fails on its Merits.***

In ground two of his § 2255 Motion, the Defendant argues that attorney Kammen was ineffective for failing to object to the Court's amendment of the Indictment at the change of plea hearing. The Government argued in its initial Response that the Defendant had waived his right to bring this claim, but as stated in its Order of March 12, 2013, this claim of ineffective assistance of counsel arguably goes to whether or not the Defendant would have agreed to plead guilty, and thus the Court will address it on its merits. On the merits, the Government argues that attorney Kammen was not ineffective for failing to object at the change of plea hearing, and that the Defendant has failed to show any prejudice from attorney Kammen's alleged error. The Court agrees.

"To make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716–17 (7th Cir. 2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985)).

The Defendant has failed to show that attorney Kammen was ineffective for failing to object to the Court's statement of the elements of Count 4. As articulated above, given the context of the plea colloquy as a whole, no amendment to the Indictment occurred at all. Attorney Kammen heard his client plead guilty to the Count 4 charge exactly as stated in the Indictment. Although attorney Kammen could have objected to the Court's misstatement of the second element of Count 4, given the context of the rest of the plea colloquy, it was not objectively unreasonable for him to fail to do so. In light of the Seventh Circuit's reasoning about § 924(c) in *Harvey*, attorney Kammen was correct to conclude that a challenge to the Court's statement of the elements of Count 4 would have been unavailing. Moreover, the Defendant ignores the logical result of any objection by attorney Kammen at the plea hearing. Such an objection would not have resulted in the Defendant's immediate acquittal on Count 4 due to factual innocence, lack of mens rea, an unconstitutional amendment to the Indictment, and a violation of Rule 11. Instead, if attorney Kammen had objected to the Court's misstatement of the elements of the Count 4 charge, the Court would have immediately corrected the error and the proceeding would have continued. The Defendant has failed to show that attorney Kammen's performance failed the first prong of *Strickland*.

Furthermore, the Defendant has also failed to show that he would have demanded to go to trial but for attorney Kammen's failure to object. For all the reasons discussed above in the plain error analysis, the Court finds that the Defendant has failed to show that it is reasonably likely that he would have demanded to go to trial if attorney Kammen had objected to the Court's statement of the elements of Count 4. Instead, it is reasonably likely that, had attorney Kammen objected, the Court would have corrected the error and the Defendant would have proceeded with his guilty plea.

For all these reasons, the Court will deny the Defendant's ground two claim of ineffectiveness against attorney Kammen for his representation at the change of plea hearing. The Court will also deny the Defendant's request for an evidentiary hearing regarding his ineffective assistance of counsel claims. The Defendant has not submitted an affidavit in support of his request, and the Court finds that he has not met the threshold for an evidentiary hearing. *See Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("[I]n order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." (quotation marks omitted)). Indeed, it appears that there are no allegations or assertions to explore in this matter, so an evidentiary hearing is not necessary.

**3.** *The Defendant's Claim of Ineffective Assistance of Appellate Counsel is Waived, and Would Fail on its Merits.*

In ground three of his § 2255 Motion, the Defendant argues that attorney Galloway was ineffective on appeal for filing an *Anders* brief instead of arguing that the Court improperly amended the Indictment by misstating the second element of the Count 4 charge. In conjunction

with his third ground, the Defendant now asks the Court to consider the Seventh Circuit's recent

decision in *Shaw v. Wilson*, 721 F.3d 908 (7th Cir. 2013).[2] The Government initially argued that

the Defendant waived his right to challenge appellate counsel's performance, and now argues

that attorney Galloway's decision to file an *Anders* brief does not violate either prong of the

*Strickland* analysis. The Court agrees with the Government on both points.

First, the Defendant's argument that attorney Galloway was ineffective on appeal does

not relate to the voluntariness of the plea, and does not raise an allegation of ineffective

assistance of counsel in the negotiation of the plea. Therefore, this claim for § 2255 relief is

waived by the Plea Agreement.

Even if the Defendant had not waived this claim, it would fail on its merits. "The

framework for assessing the constitutional effectiveness of appellate counsel is the same two-

pronged *Strickland* test as for effectiveness of trial counsel." *Warren v. Baenen*, 712 F.3d 1090,

1105 (7th Cir. 2013) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000) and *Howard v. Gramley*,

225 F.3d 784, 789–90 (7th Cir. 2000)). When a defendant argues that appellate counsel "failed to

raise the correct issues on appeal," *Gramley*, 225 F.3d at 790, the Seventh Circuit applies the

following standard:

> We deem performance insufficient when counsel omits a significant and obvious issue
> without a legitimate strategic reason for doing so. We find prejudice when that
> omitted issue may have resulted in a reversal of the conviction, or an order for a new
> trial.

*Id.* (quotation marks and citations omitted). In *Shaw v. Wilson*, the Seventh Circuit found

appellate counsel constitutionally ineffective where he was "faced with two potential arguments,

---

[2]Because the Court is considering *Shaw v. Wilson* in rendering its decision, it will grant the
Defendant's Motion for Consideration of Newly Promulgated Law [ECF No. 107].

one undeniably frivolous and the other solidly based on a state statute and reinforced by the Indiana Supreme Court," and where he "opted for the hopeless sufficiency challenge." 721 F.3d at 917.

The Defendant's ineffectiveness challenge against attorney Galloway fails on its merits, first, because a challenge to the allegedly amended Indictment was not a "significant and obvious issue." This is true because, for many of the reasons outlined above, the Court was correct to accept the Defendant's guilty plea based on the Government's evidence, the Defendant's own statements, and the totality of the plea colloquy. In light of the Seventh Circuit's analysis in *Harvey*, a challenge to the 924(c) charge was unlikely to succeed. "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone*, 86 F.3d at 717. Moreover, the Defendant has failed to show prejudice because the omitted issue would not have resulted in a reversal of the conviction or an order for a new trial. The Defendant's citation to *Shaw v. Wilson* is unavailing. The Seventh Circuit granted habeas relief in *Shaw* because appellate counsel chose an "undeniably frivolous" argument over one "solidly based" in statute and caselaw. The Defendant presents no such omitted appellate argument in this case, and thus *Shaw* is distinguishable.

For these reasons, the Court will deny ground three of the Defendant's § 2255 Motion.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here, however, because no reasonable jurist could conclude that the Defendant did not knowingly and voluntarily plead guilty pursuant to a Plea Agreement that contained an express waiver of the right to collaterally attack his conviction or sentence. In addition, no reasonable jurist could conclude that attorney Kammen rendered ineffective assistance in the negotiation of the Plea Agreement. The record indicates that the Defendant's plea was voluntary and that attorney Kammen acted reasonably in his representation and did not in any way prejudice the Defendant by failing to object to the Court's statement of the elements of the Count 4 charge. The record also indicates that attorney Galloway acted reasonably in not raising the Court's misstatement of

Count 4 on appeal because such an argument was not significant and obvious, and was not likely to succeed. As such, the Defendant cannot make the necessary showing that reasonable jurists would find the district court's assessment of the voluntariness of the plea or of counsels' performance debatable or wrong. Consequently, the Court will deny the Defendant a certificate of appealability as to the habeas claims raised in his § 2255 Motion.

## CONCLUSION

For the reasons stated, the Court DENIES the Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [ECF No. 84]. Moreover, the Court GRANTS the Defendant's Motion for Consideration of Newly Promulgated Law [ECF No. 107]. Finally, the Court DENIES the Defendant a certificate of appealability.

SO ORDERED on September 25, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT